**CONTRACTORS, PACIFIC NAVAL AIR BASES, et al. v. MARSHALL, Deputy Com'r of U. S. Employees' Compensation Commission, et al.**

**No. 10995.**

Circuit Court of Appeals, Ninth Circuit.

Sept. 13, 1945.

Eggerman, Rosling & Williams, D. G. Eggerman, Edw. L. Rosling, DeWitt Williams, and Joseph J. Lanza, all of Seattle, Wash., for appellants.

J. Charles Dennis, U. S. Atty., and Herbert O'Hare, Asst. U. S. Atty., both of Seattle, Wash., and Leavenworth Colby, Atty. Dept. of Justice, of Washington, D. C. (Ward E. Boote, Chief Counsel, U. S. Employees' Comp. Com., of Washington, D. C., and Herbert P. Miller, Asst. Chief Counsel, of New York City, of counsel), for appellee Wm. A. Marshall.

Koenigsberg & Sanford, of Seattle, Wash., for appellee Piatt.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court dismissing a complaint seeking to enjoin the enforcement of the award of the appellee deputy commissioner of the United States Employment Compensation Commission to one John B. Piatt of compensation for disability from an injury to Piatt while employed by the appellant contractors as a procurement agent for the Naval Construction Battalions at the Pearl Harbor Navy Yard in the Hawaiian Islands.

The appellants appeal on the ground that the award was "not in accordance with law," 33 U.S.C.A. § 921(b), and the question of law urged by appellants is that there is no substantial evidence to sustain the finding of the Commissioner that the injury to Piatt was one "arising out of and in the course of employment," 33 U.S.C.A. § 902(2).

There is evidence from which the deputy commissioner could infer that Piatt on December 1, 1942, in the course of his employment received a blow on his head causing concussion and a clot on the brain from an electric light shade reflector, weighing between three and four pounds, which fell approximately six feet from the ceiling. There were continuing symptoms of brain disturbance till his partial paralysis from cerebral thrombosis on February 26, 1943. In the interim he was hospitalized for nearly a month.

Appellants assert that the medical testimony precludes an inference by the deputy commissioner that the blow on Piatt's head caused his paralysis, because they consider that the symptoms of brain injury between the time the lamp fell on his head and his paralysis are such as not to warrant that inference. However, there were other symptoms testified to by other witnesses but not considered in the physicians' reports, which warrant an inference by the commissioner of the causal connection between the blow and the paralysis—an inference not inconsistent with the physicians' testimony.

We are of the opinion that the district court was not in error in holding that there was substantial evidence to support the findings of the Commissioner. The judgment is affirmed.